# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL G. SMITH** | * | **CIVIL ACTION NO.**   17-cv-9899 |
| *Plaintiff*, | * | |
| | * | |
| vs. | * | **SECTION** |
| | * | |
| **OCHSNER HEALTH SYSTEM AND OCHSNER CLINIC FOUNDATION** | * | |
| | * | **JURY TRIAL DEMANDED** |
| *Defendants*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Daniel G. Smith ("Mr. Smith" or "Plaintiff"), who brings forth this Complaint alleging Ochsner's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and additional violations Louisiana law, and alleges as follows:

### I.   JURISDICTION AND VENUE

1. This action alleges the violation of rights under the Fair Labor Standards Act (hereafter "FLSA"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. § 1367.

2. The Court has personal jurisdiction over Defendants who are a corporation licensed to do business, and doing business, in the Eastern District of Louisiana with its principal place of business in the Eastern District of Louisiana. A substantial part of the events or omissions giving rise to the instant lawsuit occurred within the Eastern District of Louisiana. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2). Additionally, the amount in controversy satisfies the jurisdictional limits of this Court.

## II.   PARTIES

3. Mr. Smith, Plaintiff, is a citizen of the full age of majority in the United States of America who resides in the Eastern District of Louisiana.  Mr. Smith is a former employee of Defendants, Ochsner Health System and Ochsner Clinic Foundation (hereafter "Ochsner" or "Defendants"), and seeks to assert his claims pursuant to 29 U.S.C. § 201, *et seq*.

4. Made Defendant herein, Ochsner Health System, is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana, is subject to the FLSA, and may be served through its registered agent CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

5. Made Defendant herein, Ochsner Clinic Foundation, is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana, is subject to the FLSA, and may be served through its registered agent CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

6. Whenever it is alleged in this Complaint that Defendants committed any act or omission, it is meant that Ochsner's officers, directors, vice-principals, agents, servants, or employees committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Ochsner or was done in the routine normal course and scope of employment of Ochsner's officers, directors, vice-principals, agents, servants, or employees.

## III.   FACTUAL BACKGROUND

7. Mr. Smith was employed by Ochsner from about April of 2001 until August of 2017.

8. Mr. Smith was hired and, at all times relevant herein, was employed as a transplant coordinator for Ochsner.

9. Mr. Smith was hired in April of 2001 as a non-exempt employee of Ochsner. Mr. Smith remained in that same position and status until his employment terminated in August of 2017.

10. Mr. Smith's instructed duties as a transplant coordinator were physically demanding and often required transporting of equipment and hazardous materials over long distances.

11. Mr. Smith was required to work from home, while travelling, and at all hours of the night if Ochsner's business needs dictated so.

12. Mr. Smith's instructed duties also involved fielding calls regarding potential donors and recipients, taking down information regarding potential donors and recipients, and relaying this information to decision makers for potential transplant business to Ochsner.

13. Ochsner did not require Mr. Smith to have or maintain any professional licenses, nor did Ochsner require any certification, instruction, or courses in any particular field for Mr. Smith's employment.

14. Mr. Smith has no specialized degrees or coursework instruction of any kind. Likewise, Mr. Smith maintained no professional licenses or certifications related to his employment with Ochsner.

15. While working as a transplant coordinator for Ochsner, Mr. Smith did not supervise any employees, did not have the authority to hire and/or fire other employees, and did not manage other employees as a regular function of his job.

16. Mr. Smith had no personnel duties during his employment with Ochsner.

17. Mr. Smith had no duties related to creating, implementing, enforcing, or altering any contracts, policies, practices, or procedures of Ochsner. Conversely, at all times as an employee Mr. Smith was expected to comply with all contracts, policies, procedures, rules, regulations, guidelines, schedules, and/or other requirements set forth, or adopted, by Ochsner.

18. Mr. Smith had no control over any employees' hours worked or pay received.

19. Mr. Smith received, organized, and relayed information regarding potential transplant patients to Ochsner's decision makers, per Ochsner's guidelines.

20. Mr. Smith had no authority to approve, and did not approve, any transplants for Ochsner.

21. Mr. Smith took orders from Ochsner's department administrators, supervisors, physicians, nurses, coordinators, and/or directors who controlled the number of hours Mr. Smith worked, as well as the rate and the method of Mr. Smith's payment.

22. Mr. Smith routinely worked far beyond forty hours per week, and sometimes worked over one-hundred hours per week. In addition to these long hours, Mr. Smith was typically on call for an additional seventy-five to one-hundred hours, or more, per week.

23. Mr. Smith, on more than one occasion, made reports to his superiors regarding the physical and mental stressors of the employment and the need for more transplant coordinators and/or less hours worked.

24. Ochsner's extremely broad criteria for organ donations, as well as other policies, practices, and/or procedures, and Ochsner's refusal to correct those policies, practices, and/or procedures for employees like Mr. Smith, resulted in significant amounts of unpaid overtime hours, sleep deprivation, fatigue, and several other medical conditions.

25. Despite Mr. Smith's efforts, or the efforts of any co-workers, Mr. Smith continued to work well beyond forty hours per week under difficult and unreasonable conditions at Ochsner.

26. Mr. Smith, on more than one occasion, made reports to his superiors at Ochsner regarding the demanding hours and overtime wages owed.

27. On at least one occasion, Mr. Smith's request for an explanation into overtime wages owed was met with a warning that pressing the issue would result in lost opportunity.

28. As a non-exempt employee, Mr. Smith was entitled to overtime pay. No exemption excused Ochsner from paying Mr. Smith overtime for the overtime hours he worked.

29. Ochsner knew of its requirements to abide by the FLSA, and were specifically made aware by Mr. Smith's reporting, as well as that of co-workers, and did not make a good faith effort to address its illegal pattern or practice and comply with the FLSA.

30. Ochsner knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to Mr. Smith.

31. Ochsner has never paid Mr. Smith any overtime for hours worked in excess of forty in a workweek throughout his entire sixteen year employment.

32. The physical demands and stress caused by the abusive workloads and intolerable conditions caused Mr. Smith to seek medical attention, be put on short and long-term leave, and eventually forced Mr. Smith to resign his employment.

33. On or about September 13, 2017, after his employment terminated, Mr. Smith sent a letter to his former employer, Ochsner, requesting all of his owed wages and overtime. No response to this mailing has been received to date by Mr. Smith.

34. On September 25, 2017 Mr. Smith had the same letter noted in paragraph 35 above hand delivered to Ochsner. No response to this delivery has been received to date by Mr. Smith.

### IV.    COVERAGE UNDER THE FLSA

35.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

36.    At all times hereinafter mentioned, Ochsner has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203.

37.    At all times hereinafter mentioned, Ochsner has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38.    At all times hereinafter mentioned, Ochsner has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

39.    At all times hereinafter mentioned, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### V.    FEDERAL COUNTS
#### VIOLATIONS OF THE FLSA

40.    Plaintiff incorporates by reference and re-allege each and every allegation contained above as though fully set forth herein.

41.    Ochsner, and its representatives, directed the means and manner in which Mr. Smith was compensated. During the relevant time period, Ochsner violated the provisions of the FLSA by employing employees engaged in commerce within the meaning of the FLSA for

workweeks longer than 40 hours without compensating such employees at rates no less than one and one-half the regular rates for which they were employed.

42. Ochsner's failure to properly pay their employees was done so knowingly, willfully or in reckless disregard in carrying out its illegal pattern or practice. The decision by Ochsner not to properly pay overtime compensation to Mr. Smith for about sixteen years was neither reasonable, nor in good faith. Accordingly, Mr. Smith is entitled to wages under the FLSA in an amount equal to one and one-half times his rate of pay, plus liquidated damages, attorney's fees and costs.

43. Mr. Smith does not fall within any exemption of the FLSA and was required to be paid according to the dictates of that section.

## VI.   STATE COUNTS
### CONSTRUCTIVE TERMINATION

44. Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

45. Ochsner created an intolerable working environment by refusing to maintain appropriate and safe working schedules and conditions, failing to pay proper wages as required by law, and failing to rectify any of the above.

46. Ochsner knew of the above unreasonable conditions through repeated reports by employees like Mr. Smith, or should have otherwise known through their experience as a large employer and healthcare provider, but did nothing to accommodate or otherwise change the unreasonable working conditions.

47. As a result of Ochsner's actions and/or inactions, Mr. Smith had no choice but to resign from Ochsner's employ.

**CONVERSION, MISAPPROPRIATION, AND UNJUST ENRICHMENT**

48. Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

49. Ochsner's actions in withholding monies from Mr. Smith's paychecks, which Mr. Smith was owed, amounts to their conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

50. As a direct and proximate result of the acts alleged herein, Ochsner wrongfully deprived Mr. Smith of substantial assets and were unjustly enriched by their direct receipt and retention of monies earned by Mr. Smith for roughly sixteen years, and which were required to be paid towards his hourly wage.

**FAILURE TO PAY WAGES UNDER LA. R.S. 23:621 *ET. SEQ.***

51. Plaintiff incorporates by reference and re-alleges each and every allegation contained above as though fully set forth herein.

52. Upon termination of Mr. Smith's employment, Ochsner failed to pay all due wages.

53. Ochsner was required to remit all of Mr. Smith's wages within fifteen (15) days of termination of his employment. Letters demanding said wages never received any response.

54. This petition serves as a third demand for Ochsner to remit all due wages to those who's employment has been terminated. Additional penalty wages and attorneys' fees continue to accrue for Ochsner's failure to pay said wages pursuant La. R.S. 23:632.

55. As a result of Ochsner's violations of Louisiana state law, Mr. Smith has suffered the following damages, and/or is entitled to the following relief:

        a) Lost back wages;
        b) Lost future wages;
        c) Damages for emotional distress;
        d) Damages for humiliation and embarrassment;

  e) Punitive damages;
  f) Attorneys' fees, and;
  g) Other damages that will be shown at any trial or hearing of this matter.

## VII. RELIEF SOUGHT

56. WHEREFORE, Mr. Smith prays for a judgment against Defendants, Ochsner Health System and Ochsner Clinic Foundation as follows:

 a. For an Order pursuant to Section 16(b) of the FLSA finding Ochsner liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

 b. For an Order awarding Plaintiff the costs of this action;

 c. For an Order awarding Plaintiff attorneys' fees;

 d. For an Order awarding Plaintiff unpaid and lost benefits and compensation, and past and future wages, in connection with the FLSA and state law violations;

 e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

 f. All compensatory and punitive damages as called for in the FLSA;

 g. All relief as allowed under applicable Louisiana law as stated above; and

 h. For an Order granting such other and further relief as may be necessary and appropriate.

## VIII. DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully Submitted:

By:      /s/ Kenneth C. Bordes
**KENNETH C. BORDES (BAR #35668)**
**KENNETH C. BORDES,**
**ATTORNEY AT LAW, LLC**
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
*Attorney for Plaintiff*

## NOTICE AND REQUEST FOR WAIVER

Plaintiff's counsel will send waiver forms pursuant to Federal Rule of Civil Procedure 4(d).