UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL SMITH | CIVIL ACTION |
| VERSUS | NO: 17-9899 |
| OCHSNER HEALTH SYSTEM ET AL | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 6). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Daniel Smith worked as a transplant coordinator for Defendants Ochsner Heath System and Ochsner Clinic Foundation for more than 15 years. He alleges that he was classified as a non-exempt employee but was not paid overtime despite working long hours under difficult conditions. Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), as well as state law claims for constructive termination, conversion,

1

misappropriation, unjust enrichment, and violations of Louisiana's Wage Payment Act ("LWPA"). Defendants have filed the instant motion seeking dismissal of all of Plaintiff's state law claims.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

### A. Unpaid Overtime

Defendants allege that Plaintiff's state law claims seeking recovery for unpaid overtime wages should be dismissed because the FLSA is his exclusive remedy to recover unpaid overtime. Indeed, courts have consistently held that the FLSA provides an exclusive remedy for overtime violations.[8] There is no Louisiana state law that provides for the recovery of overtime wages absent a contract to pay overtime.[9]

Plaintiff alleges, however, that while he does not seek double recovery of overtime wages, he should be entitled to bring state law claims in the alternative or when they allow for additional penalties. Specifically, he alleges that he should be able to pursue a claim under the LWPA because it allows for penalties for the withholding of an employee's wages after termination. Plaintiff's argument misses the point. There is no state law that entitles Plaintiff to the payment of overtime. He "would have no cause of action under state law but for the existence of the FLSA."[10] Accordingly, Plaintiff cannot succeed on a claim for overtime wages under state law, and the FLSA is his

---

[8] *See e.g.*, Smith v. Diamond Offshore Mgmt. Co., No. 03-2024, 2003 WL 23095586, at *4 (E.D. La. Dec. 23, 2003); Barrois v. Hilton Title, No. 96-727, 1996 WL 312063, at *1 (E.D. La. June 10, 1996); Odom v. Respiratory Care, Inc., 98-0263 (La. App. 1 Cir. 2/19/99), 754 So. 2d 252, 256 ("[T]here is a distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay the extra wages an employee claims are due on the hours he worked in excess of the statutory maximum. The payment of overtime wages is clearly governed by the FLSA.").

[9] *Barrois*, 1996 WL 312063, at *1.

[10] *Id.*

exclusive remedy.[11] Plaintiff's claims for overtime pay under Louisiana state law are dismissed.[12]

### B. Constructive Termination

Defendants next move for dismissal of Plaintiff's claim for constructive termination under state law, arguing that Louisiana law does not recognize such a claim in the absence of constitutional or statutory protection. Plaintiff's Complaint alleges that Ochsner created an intolerable working environment that left Plaintiff with no choice but to resign. Plaintiff does not identify any state law that would support such a claim. Indeed, Louisiana law "is well-settled that an 'at will' employee is subject to dismissal by his employer at any time, for any reason, without the employer incurring liability for wrongful discharge."[13] Plaintiff's Complaint does not allege that Plaintiff is not an "at will employee" or that his job was constitutionally or statutorily protected.[14] Accordingly, he cannot succeed on a claim for constructive termination, and it is therefore dismissed.

Plaintiff's opposition attempts to morph his constructive termination claim into one for retaliation or failure to accommodate. Plaintiff's Complaint does not, however, set out sufficient facts to support these claims. Plaintiff may move to amend his Complaint to the extent that he can specifically allege such.

---

[11] *Id.*

[12] *See* McCumber v. Eye Care Ctr. of Am., Inc., No. 09-1000, 2011 WL 1542671, at *14 (M.D. La. Apr. 20, 2011) ("[T]o the extent that plaintiff seeks to recover overtime under both the FLSA and the LWPA, plaintiff's claims under the LWPA must be dismissed.").

[13] Square v. Hampton, 144 So. 3d 88, 96–97 (La. App. 4 Cir. 2014).

[14] *See id.*

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. Plaintiff's state law claims for unpaid wages are DISMISSED WITH PREJUDICE. Plaintiff's claim for constructive termination is DISMISSED, and Plaintiff may amend his Complaint within 20 days of this Order to the extent he can remedy the deficiencies identified herein. Only Plaintiff's FLSA claim survives.

New Orleans, Louisiana this 11th day of May, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**